# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE LAVELL KIRKSEY,

         Plaintiff,

v.

LT. ROZMARYNOSKI, C.O.
DORSEY, SGT. BAMBKE, DR.
BREEN, K. GRABOWSKI, M. HAESE,
E. DAVISON, CINDY O'DONNELL,
and BHS NURSING
COORDINATOR,

         Defendants.

Case No. 21-CV-1169-JPS

**ORDER**

Plaintiff Terrance Lavell Kirksey, an inmate confined at Waupun Correctional Institute, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On May 31, 2024, the Court granted Plaintiff's motion to reopen this case after it had previously been administratively closed. ECF No. 19. This Order screens Plaintiff's complaint and resolves his motion for leave to proceed without prepaying the filing fee, motion to pay the initial partial filing fee from release account, and motion to expedite screening and discovery.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 13, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $2.94. ECF No. 21. Plaintiff paid that fee on July 11, 2024. As such, the Court will deny as moot Plaintiff's motion to pay the initial partial filing fee from release account. ECF No. 22. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2.    SCREENING THE COMPLAINT

### 2.1    Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Lt. Rozmarynoski ("Rozmarynoski"), C.O. Dorsey ("Dorsey"), Sgt. Bambke ("Bambke"), Dr. Breen ("Breen"), K. Grabowski ("Grabowski"), M. Haese ("Haese"), E. Davison ("Davidson"), Cindy O'Donnell ("O'Donnell"), and BHS Nursing Coordinator. ECF No. 1 at 1. On May 21, 2021, Plaintiff was housed in the Restricted Housing Unit ("RHU") and on observation status. *Id.* at 2. Sometime between 2:00 p.m. and 5:00 p.m., Plaintiff pressed his emergency button in his cell to inform staff that he was going to self-harm. *Id.* John Doe Officer ignored Plaintiff because he was on observation status. *Id.* Dorsey conducted his fifteen-minute welfare check at Plaintiff's cell; Plaintiff told Dorsey that he was going to self-harm and needed to speak with a sergeant. *Id.*

Dorsey walked off but returned fifteen minutes later with Bambke. *Id.* Kirksey explained to Bambke that he wanted to speak with a white shirt

because Dorsey and the John Doe officer were ignoring his threats of self-harm. *Id.* Bambke replied that Plaintiff could not speak with a white shirt. *Id.* Plaintiff told Bambke that he would self-harm if Bambke walked away. *Id.* Bamke walked off regardless of this information. *Id.* While Bambke walked away, Plaintiff began to self-harm by banging his head into the wall. *Id.* Plaintiff's head ultimately bled, and he has a permanent knot on the center of his forehead from this incident. *Id.*

Approximately fifteen minutes later, Dorsey conducted another welfare check on Plaintiff. *Id.* at 3. Dorsey saw that Plaintiff was bleeding and asked him how the injury happened because he had not been bleeding earlier; Plaintiff called Dorsey a liar. *Id.* Dorsey called Bambke to come to Plaintiff's cell again. *Id.* Bambke could allegedly not recall their prior conversation. *Id.* Plaintiff requested medical and that a picture be taken of his injury. *Id.* Bambke refused both requests and walked away. *Id.* Plaintiff saw and informed Officer Ernel, Rozmarynoski, Dorsey and Breen about what had occurred and that he was being denied medical attention. *Id.* They all disregarded Plaintiff and took no action to help him. *Id.*

At some point, Bambke stated that he had contacted health services, and they had instructed Plaintiff to fill out a health service request. *Id.* Plaintiff completed the form that same day by directing an officer to do it because he was on observation status and restricted from writing utensils. *Id.* Plaintiff was not seen by medical until May 26, 2021 in general population by Nurse Jennifer Brauer. *Id.* Plaintiff had, however, seen Lindsay Sorenson for a self-harm laceration on his forearm earlier that day at approximately 2:05 p.m. *Id.* at 4. This injury was from an earlier self-harm incident and Bamke told Sorenson that Plaintiff had a new superficial wound on his forehead that did not require medical attention. *Id.*

Rozmarynoski confirmed that Plaintiff did not need medical attention for his busted forehead. *Id.* RN Sorenson was negligent by relying on a non-medical professional to perform a medical assessment. *Id.* Plaintiff filed an inmate complaint about the incident, but it was dismissed on fabricated grounds. *Id.* Grabowski dismissed the complaint and failed to investigate. *Id.* Haese was the Acting Warden and failed to investigate or authorize an investigation. *Id.* Plaintiff appealed and Davison acknowledged and dismissed the appeal. *Id.* Davison failed to investigate the complaint. *Id.* at 5. Plaintiff also filed an inmate complaint regarding the denial of medical treatment for his head injury. *Id.* Davison and BHS Nursing Coordinator failed to investigate this complaint and dismissed it. *Id.* O'Donnell upheld the dismissal of Plaintiff's complaint and failed to investigate his medical treatment. *Id.* Plaintiff requested video footage of the incident on May 24, 2021. *Id.* Plaintiff suffered excruciating and prolonged pain as a result of Defendants' failure to act. *Id.*

### 2.3 Analysis

Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Defendants Dorsey and Bambke for their indifference to the risk of Plaintiff's self-harm. The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403, at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of serious harm violates the Eighth Amendment, not every claim by a prisoner that he did not receive adequate care will succeed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To prevail

on such a claim, a plaintiff will have to provide evidence showing that "(1) his medical need was objectively serious, and (2) the defendant[] consciously disregarded this need." *Berry v. Lutsey*, 780 F. App'x 365, 368–69 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834).

Prison staff have a duty to prevent inmates from causing serious harm to themselves. *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775–76 (7th Cir. 2014). Before an official will be liable for ignoring a risk of self-harm, however, the "risk of future harm must be sure or very likely to give rise to sufficiently imminent dangers." *Davis-Clair v. Turck*, 714 F. App'x 605, 606 (7th Cir. 2018) (internal quotation marks omitted). The question of when that risk of future harm becomes "sure or very likely to give rise to sufficiently imminent dangers" depends on the circumstances of the case. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 546–47 (7th Cir. 2006) (explaining that "at some point," to ensure a prisoner is not "seriously endangering his health," prison officials would have a duty and right to step in and force a prisoner on a hunger strike to take nourishment); *see also Davis v. Gee*, No. 14-cv-617, 2017 WL 2880869, at *3–4 (W.D. Wis. July 6, 2017) (holding that to show a constitutional injury, the harm must present an objectively, sufficiently serious risk of serious damage to future health; swallowing a handful of Tylenol fails to do that).

Here, Plaintiff alleges that Dorsey and Bambke were aware that he planned to seriously hurt himself and failed to appropriately act. Plaintiff further alleges that after informing these defendants, Plaintiff engaged in self-harm and had lasting injuries on his head. At this early stage, without more detailed information, the Court will allow Plaintiff to proceed on a deliberate indifference claim against Dorsey and Bambke.

Second, the Court finds that Plaintiff may proceed against Rozmarynoski, Dorsey, Bambke, and Breen on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Rozmarynoski, Dorsey, Bambke, and Breen. Plaintiff alleges a serious injury to his head following a self-harm incident. Plaintiff disputes Defendants' characterization of the injury as minor and maintains he needed immediate medical attention. Plaintiff alleges that these defendants were aware of his injury and denied him medical treatment for days. As such, at this early stage, Plaintiff may proceed

against Rozmarynoski, Dorsey, Bambke, and Breen on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

Plaintiff may not, however, proceed against Defendants Grabowski, Haese, Davison, O'Donnell, or BHS Nursing Coordinator for any claims. For a prison official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Plaintiff fails to state a claim against these defendants for their actions in relation to Plaintiff's inmate grievances. Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). As such, the Court will dismiss Grabowski, Haese, Davison, O'Donnell, and BHS Nursing Coordinator from this action for the failure to state a claim against them. Finally, the Court notes that Plaintiff's allegations refer to "Defendants" not identified in the caption or explicitly named. If Plaintiff wishes to proceed against additional individuals, he must amend his complaint and clearly indicate any additional defendants.

## 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Defendants Dorsey and Bambke for their indifference to the serious risk of Plaintiff's self-harm.

**Claim Two:** Eighth Amendment claim against Rozmarynoski, Dorsey, Bambke, and Breen for their deliberate indifference to Plaintiff's serious medical needs.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will deny as moot Plaintiff's motion to expedite screening and discovery. ECF No. 23. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to pay the initial partial filing fee filing fee from his release account, ECF No. 22, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite screening and discovery order, ECF No. 23, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants Grabowski, Haese, Davison, O'Donnell, and BHS Nursing Coordinator be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Rozmarynoski, Dorsey, Bambke, and Breen**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss

should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $347.06 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.